## JESSIE M. FURNISH ET AL.
### v.
## C. D. ROGERS, ADMINISTRATOR, ETC., ET AL.

*Jurisdiction—Construction of Will—Freehold Involved.*

Upon a bill filed to procure the construction of a will where the contention of complainants was that the will should be so construed as that one of the complainants became the absolute owner in fee of real estate devised by the will, which contention was disputed by defendants, *held,* that a question of freehold was involved and that an appeal from the decree of the Circuit Court should have been to the Supreme Court.

[Opinion filed June 28, 1893.]

APPEAL from the Circuit Court of DeKalb County; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. HARVEY A. JONES, for appellants.

Mr. C. D. ROGERS, for appellees.

MR. JUSTICE LACEY. This was a bill in equity brought by the appellants against appellees, asking a construction of the will of Benjamin Page, deceased, and, at the same time, asking the sale of certain real estate situate in DeKalb County, Illinois, supposed to be bequeathed by the said will

to Kathleen Furnish, a minor, residing in Umatella County, Oregon, and by said petition and application sought to be sold by order of the court and the money arising therefrom paid to and reinvested in Umatella County, Oregon, by W. J. Furnish, her guardian, appointed by the County Court in said county.

The purpose of the bill, besides asking for and procuring the sale of the said real estate, was to procure a construction of the will by the Circuit Court as respects the interests of said minor and her mother, Jessie M. Furnish *nee* Starkweather, concerning the title of the real estate involved and claimed by the said minor, and also as to certain moneys claimed by said minor under the same will, and asking the payment of it to her guardian from the hands of C. D. Rogers, administrator, with the will annexed, of the estate of Benjamin Page, deceased, late of said County of DeKalb. The other parties were beneficiaries under the will and their interests need not be named. Jessie M. Furnish, who joined her husband in the petition, was the grandniece of the deceased and had intermarried with said W. J. Furnish, and the said Kathleen Furnish was the only child of said W. J. and Jessie M. Furnish. The portion of the will in question is as follows, viz.:

"I give and bequeath to my grandniece, Jessie Starkweather, now with me, my house and two lots in Sycamore, where I now reside, in block 8. Also 32 acres in Mayfield, DeKalb County, Illinois, and $500, all of which is to go to her children should she marry; if she should die childless, then it is to be divided between her mother and the rest of my grand nieces and nephews, who will appear and give evidence of such. * * * It is my desire to give to Jessie Starkweather $500 in addition to the former bequest, both to remain on interest in a thousand dollar mortgage."

Upon the coming of the petition and bill to be heard, C. D. Rogers demurred to it, which demurrer was sustained by the court, and the complainants standing by this demurrer, the bill was dismissed by the court at complainant's costs. From this decree this appeal is taken to this court and a reversal asked of said decree. The Circuit Court, it

Furnish v. Rogers.

will be seen, not only dismissed the bill so far as the relief against Rogers, the administrator, was concerned, but also so far as the rights of the appellants are concerned, touching the title to and the sale of the real estate. It is asked of this court to give a construction of the will and to decide whether or not said minor is the owner of the real estate under the will, as well as the money, and to reverse the decree and order the Circuit Court to grant the relief prayed for. It appears to us that a freehold is directly involved in this case. The contention of appellants is that the will should be so construed as that the child of Jessie M. Furnish as soon as she was born became the absolute owner in fee of the real estate and money bequeathed, mentioned in the will. On the other hand, it is contended that the will, properly construed, grants to Jessie M. Furnish all the property during her natural life, and at her death the property shall go to such issue of said Jessie as may then be living, and if none of her children be living, then to the grand nieces and nephews of the testator. By the decree of the court below the said complainant, Kathleen Furnish, was denied any right in the land as well as the money; *i. e.*, the remedy she sought, depending on the proper construction of the will, was denied her.

This appeal should have been taken directly to the Supreme Court, which is alone competent, under the statute, to pass on a case where a freehold is involved. The appeal taken in this case is therefore dismissed.

*Appeal dismissed.*

# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS